

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MELISSA M. RAY, RONNIE R. JOHNSON and :
JANICE K. And CHARLES T. BURKE :
      Plaintiffs, :
 :
VS. : C.A. No.
 :
 : CA 07 383T
AMERIQUEST MORTGAGE :
COMPANY :
      Defendant :

# COMPLAINT

## INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### Facts Pertaining To Plaintiff Melissa M. Ray

4. Plaintiff Melissa M. Ray resides at 21 Alabama Ave. Warwick, RI 02888.

5. On or about May 18, 2005, Plaintiff Ray obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff Ray received or signed the following documents:

    1. A note in the principal amount of $217,800.00;
    2. A mortgage;
    3. A Truth in Lending statement;
    4. A notice of right to cancel, attached as <u>Exhibits 1 and 2</u>;
    5. A One Week Cancellation Period form; attached as <u>Exhibit 3</u>; and
    6. A HUD-1 Settlement Statement.

7. On or about September 26, 2007 Plaintiff Ray exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 4</u>.

### Facts Pertaining To Plaintiff Ronnie R. Johnson

8. Plaintiff Ronnie R. Johnson resides at 41 Warrington, Providence, RI 02907.

9. On or about August 24, 2004, Plaintiff Johnson obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, Plaintiff Johnsom received or signed the following documents:

    1. A note in the principal amount of $144,500.;
    2. A mortgage;
    3. A Truth in Lending statement;
    4. A notice of right to cancel, attached as <u>Exhibit 5</u>;
    5. A One Week Cancellation Period form; attached as <u>Exhibit 6</u>; and

6. A HUD-1 Settlement Statement.

11. On or about July 31, 2007, Plaintiff Johnson exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 7.

### Facts Pertaining To Plaintiffs Janice K. and Charles T. Burke

12. Plaintiffs Janice K. and Charles T. Burke reside at 48 Pocasset Ave., Cumberland, RI 02864.

13. On or about February 25, 2005, Plaintiffs Burke obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

14. In connection with the transaction, Plaintiffs Burke signed the following documents:

1. A note in the principal amount of $206,500.;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 8;
5. A One Week Cancellation Period form; attached as Exhibit 9; and
6. A HUD-1 Settlement Statement.

15. On or about July 31, 2007 Plaintiffs Burke exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 10.

### DEFENDANT

16. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 1200, Orange, CA 92868.

17. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

18. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

19. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## COUNT I - TRUTH IN LENDING ACT

20. Plaintiffs incorporate ¶¶ 1-19 as if fully set out herein.

21. Because the refinance transactions referenced herein were secured by the Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23. More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

22. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor deliver to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section.
>
> (v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)

## DEFECTIVE NATURE OF DISCLOSURES

23. In connection with the Plaintiffs' loans, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel, in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 for (without limitation) the following reasons:

**Failure to deliver completed notices of the right to rescind (as to all Plaintiffs)**

24. The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were defective and in violation of Regulation Z in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

**Failure to deliver accurate the notice of the right to rescind (as to Plaintiff Ray Only)**

25. The notice of right to cancel, attached hereto as <u>Exhibit 2</u>, is defective in that the date

of the transaction and the date of the expiration of the recession period were both wrong in violation of 15 U.S.C. § 1635, Regulation Z, 12 C.F.R. § 226.23.

### "One Week" Form (As To All Plaintiffs)

26. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23.

27. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

28. Furthermore, the "one week" cancellation notice does not afford the consumer any protection under 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23.

29. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

30. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

_____
Christopher M. Lefebvre Bar #629056
Claude Lefebvre, Christopher Lefebvre P.C.
Chris@Lefebvrelaw.com
P.O. Box 479
Pawtucket, RI  02862
(401) 728-6060
(401) 728-6534 (FAX)

**JURY DEMAND**

Plaintiffs demand trial by jury

_____
Christopher M. Lefebvre