IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Melissa M. Ray, et al. v. Ameriquest Mortgage Company, et al.*; Case No. C.A. 08-00177 | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |

## DEFENDANT WM SPECIALTY MORTGAGE LLC'S (ERRONEOUSLY SUED AS WASHINGTON MUTUAL BANK) ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant WM SPECIALTY MORTGAGE LLC (erroneously sued as Washington Mutual Bank) ("Defendant"), by and through its attorneys, answers Plaintiffs MELISSA M. RAY, RONNIE R. JOHNSON and JANICE K. and CHARLES T. BURKE's ("Plaintiffs") Amended Complaint as follows.

## AMENDED COMPLAINT

### INTRODUCTION

1.  This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23.

**ANSWER:**  **Defendant admits that Plaintiffs have filed a lawsuit against Ameriquest Mortgage Company. Defendant specifically denies that it violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Regulation Z, 12 C.F.R. part 226. Defendant denies any remaining allegations of Paragraph 1.**

- 1 -

BN 2145869v1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§ 133 t (general jurisdiction), 1332 (diversity jurisdiction) and 1337 (interstate commerce).

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of paragraph 2.**

3. Venue in this District is proper under 28 U.S.C. § 1391 (b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

**ANSWER:** **Defendant does not dispute venue. Defendant denies any remaining allegations of paragraph 3.**

## PARTIES AND FACTS

### Facts Pertaining To Plaintiff Melissa M. Ray

4. Plaintiff Melissa M. Ray resides at 21 Alabama Ave. Warwick, RI 02888.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies such allegations.**

5. On or about May 18, 2005, Plaintiff Ray obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis denies such allegations.**

6. In connection with the transaction, Plaintiff Ray received or signed the following documents:

    1. A note in the principal amount of $217,800.00;

    2. A mortgage;

        3.     A Truth in Lending statement;

        4.     A notice of right to cancel, attached as <u>Exhibits 1 and 2</u>;

        5.     A One Week Cancellation Period form; attached as <u>Exhibit 3</u>; and

        6.     A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

    7.     On or about September 26, 2007 Plaintiff Ray exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 4</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis denies such allegations.**

### Facts Pertaining To Plaintiff Ronnie R Johnson

    8.     Plaintiff Ronnie R. Johnson resides at 41 Warrington, Providence, RI 02907.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis denies such allegations.**

    9.     On or about August 24, 2004, Plaintiff Johnson obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis denies such allegations.**

    10.    In connection with the transaction, Plaintiff Johnson received or signed the following documents:

        1.     A note in the principal amount of $144,500.;

2. A mortgage;

3. A Truth in Lending statement;

4. A notice of right to cancel, attached as Exhibit 5;

5. A One Week Cancellation Period form; attached as Exhibit 6; and

6. A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies such allegations.**

11. On or about July 31, 2007, Plaintiff Johnson exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 7.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies such allegations.**

**Facts Pertaining To Plaintiffs Janice K. and Charles T. Burke**

12. Plaintiffs Janice K. and Charles T. Burke reside at 48 Pocasset Ave., Cumberland, RI 02864.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies such allegations.**

13. On or about February 25, 2005, Plaintiffs Burke obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and on that basis denies such allegations.**

14. In connection with the transaction, Plaintiffs Burke signed the following documents:

    1. A note in the principal amount of $206,500;

    2. A mortgage;

    3. A Truth in Lending statement;

    4. A notice of right to cancel, attached as <u>Exhibit 9</u>;

    5. A One Week Cancellation Period form; attached as <u>Exhibit 9</u>; and

    6. A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies such allegations.**

15. On or about July 31, 2007 Plaintiffs Burke exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 10</u>.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and on that basis denies such allegations.**

## DEFENDANTS

16. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 1200, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies such allegations.**

17. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.**

18. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies such allegations.**

19. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies such allegations.**

20. Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Rhode Island. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.**

21. Defendant AMC Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies such allegations.**

22. Defendant Deutsche Bank, is a federally chartered bank located at 60 Wall Street, New York, NY 10005. On information and belief, it holds legal title to some of Plaintiffs' loans as trustee.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies such allegations.**

23. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Rhode Island. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including Plaintiffs'. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies such allegations.**

24. Defendant Washington Mutual Bank is a federally chartered savings association with its headquarters in Seattle, Washington. Upon information and belief, it is the beneficial legal holder and assignee of the loan originated by Ameriquest Mortgage Company, relative to Plaintiffs Janice K. Burke and Charles T. Burke. It is joined as a necessary party.

**ANSWER:** **Defendant admits that Washington Mutual Bank is a federally chartered saving association. Defendant admits that at one time it (and not Washington Mutual Bank) held the Burke loan. However, Defendant denies that it currently holds any right, title or interest in the Burke loan. Defendant denies any remaining allegations of Paragraph 24.**

## COUNT I - TRUTH IN LENDING ACT

25. Plaintiffs incorporate ¶¶ 1-24 as if fully set out herein.

**ANSWER:** **Defendant restates its answers to paragraphs 1-24 in response to this paragraph.**

26. Because the refinance transactions referenced herein were secured by the Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23. More specifically, 15 U.S.C. §1635 provides:

> The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a

> transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (IS U.S.C. § 1635(a).)

**ANSWER:** Because paragraph 26 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

27. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor deliver to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights. More specifically, the regulation provides:

> In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
> (i) The retention or acquisition of a security interest in the consumer's principal dwelling.
>
> (ii) The consumer's right to rescind the transaction.
>
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>
> (iv) The effects of rescission, as described in paragraph (d) of this section. (v) The date the rescission period expires. (12 C.F.R. § 22623(b)(1).)

**ANSWER:** Because paragraph 27 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

## DEFECTIVE NATURE OF DISCLOSURES

28. In connection with the Plaintiffs' loans, Ameriquest Mortgage Company failed to provide the required disclosures of the plaintiffs' right to cancel, in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 for (without limitation) the following reasons:

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and on that basis denies such allegations.**

**Failure to deliver completed notices of the right to rescind (as to all Plaintiffs)**

29. The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were defective and in violation of Regulation Z in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and on that basis denies such allegations.**

30. Failure to deliver accurate the notice of the right to rescind (as to Plaintiff Ray Only). The notice of right to cancel, attached hereto as <u>Exhibit 2,</u> is defective in that the date of the transaction and the date of the expiration of the recession period were both wrong in violation of 15 U.S.C. § 1635, Regulation Z, 12 C.F.R. § 22623.

**ANSWER:** **Since this paragraph appears to be directed at defendants other than this answering defendant, no answer is required. Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and on that basis denies such allegations.**

BN 2145869v1

### "One Week" Form (As To All Plaintiffs)

31. The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23.

**ANSWER:** **Because paragraph 31 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

32. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis denies such allegations.**

33. Furthermore, the "one week" cancellation notice does not afford the consumer any protection under 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23.

**ANSWER:** **Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

34. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

**ANSWER:** **Because paragraph 34 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.**

35. The failure of the Defendants to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**ANSWER:**　　Because paragraph 35 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loans;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

**ANSWER:**　　No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiff.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted because, among other reasons, Defendant no longer holds any right title or interest in Plaintiffs' loans.

2. Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

5. Plaintiffs' claims are barred by the applicable statute of frauds.

6. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7. Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8. Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9. Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

15. Plaintiff's claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## PRAYER

Defendant prays this court to:

1. Dismiss plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

- 12 -

BN 2145869v1

    4.    Grant Defendant any and all further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED: August 4, 2008

By: /s/ Bernard E. LeSage
*Attorneys for WM Specialty Mortgage LLC*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

## CERTIFICATE OF SERVICE

I, Bernard E, LeSage, hereby certify that on this 4th day of August 2008, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/ Bernard E. LeSage_____